IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIJUAME TAFT, et al., | : | Civ. No. 1:22-CV-2061 |
| Plaintiffs, | : | |
| v. | : | (Magistrate Judge Bloom) |
| KAMEN'S ART SHOPPES, INC., | : | |
| Defendant. | : | |

MEMORANDUM OPINION

I. Statement of Facts and of the Case

This case comes before us for consideration of a motion to dismiss filed by the defendant, Kamen's Art Shoppes, Inc. ("Kamen's"). (Doc. 20). The plaintiffs—Kijuame Taft, Meiya Pender, and Rahshema Council— filed this action on December 29, 2022. (Doc. 1). In their amended complaint, which is currently the operative pleading in this case, the plaintiffs sue Kamen's pursuant to 42 U.S.C. § 1981, alleging claims of racial discrimination in the performance of and interference with a contract, as well as retaliation. (Doc. 11).

The plaintiffs allege that on or about May 29, 2022, they visited HersheyPark in Hershey, Pennsylvania. (Doc. 11 ¶ 9). The amended complaint asserts that while at HersheyPark, Taft paid Kamen's to draw

a picture of Pender and her son. (*Id.* ¶ 9). When the picture was tendered to the plaintiffs, they assert that the picture depicted them drawn as monkeys. (*Id.* ¶ 11). The amended complaint avers that the plaintiffs are African American, and that Taft complained of racial discrimination to Kamen's management. (*Id.* ¶¶ 8, 12-13). Following their complaints to management, it is alleged that Kamen's management "informed Plaintiffs that they were evicted from HersheyPark." (*Id.* ¶ 13).

Based on these assertions, the plaintiffs bring a claim of racial discrimination in the performance of a contract under § 1981, alleging that Kamen's intentionally discriminated against them by depicting them as monkeys in the picture (Doc. 11, Count I); a claim of retaliation due to Kamen's alleged actions of "evicting" them from HersheyPark after complaining of the discrimination (*Id.*, Count II); and interference with a contract when Kamen's evicted the plaintiffs from HersheyPark, with whom the plaintiffs had contracted by purchasing tickets for admission to the park. (*Id.*, Count III).

Kamen's filed a motion to dismiss the amended complaint, arguing that the plaintiffs have failed to state legally sufficient claims under §

2

1981. (Doc. 20). This motion is fully briefed and ripe for resolution. (Docs. 21, 22). After consideration, the motion will be denied.

## II. Discussion

### A. Motion to Dismiss - Standard of Review

The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."

3

*Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant

4

attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

### B. The Motion to Dismiss will be Denied.

As we have noted, the plaintiffs assert three claims pursuant to § 1981, alleging that Kamen's racially discriminated and retaliated against them and interfered with their contractual rights based on race. For its part, Kamen's contends that the plaintiffs have failed to allege intentional discrimination, and further, that the plaintiffs' retaliation and interference claims fail because Kamen's did not have the authority to "evict" the plaintiffs from HersheyPark. However, after consideration, we conclude that at this stage, the plaintiffs have asserted sufficient

5

factual allegations to proceed with their claims under § 1981. Accordingly, the motion will be denied.

### 1. Racial Discrimination in the Performance of a Contract

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (quoting 42 U.S.C. § 1981(a)). This includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* at 475 (quoting § 1981(b)). To state a claim of discrimination under § 1981 in this context, a plaintiff must show: (1) membership in a racial minority; (2) intentional discrimination on the basis of race; and (3) "discrimination concerning . . . the right to make and enforce contracts." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (quotations and citation omitted).

Here, accepting the allegations in the amended complaint as true, we find that the plaintiffs have sufficiently alleged a claim under § 1981. The amended complaint asserts that the plaintiffs are African American, a racial minority. They have also alleged facts giving rise to an inference

6

of intentional discrimination based on their race, as the amended complaint asserts that the artist who drew the picture depicted Pender and her son, who are African American, as monkeys. *See e.g.*, *Danao v. ABM Janitorial Services*, 142 F. Supp. 3d 363, 375-76 (E.D. Pa. 2015) (finding that the plaintiff's allegations of the use of the word "monkeys" to describe African Americans supported an inference of racial discrimination); *Gladden v. Ambler Healthcare Group, LLC*, 2022 WL 17721055, at *7 & n. 6 (E.D. Pa. Dec. 15, 2022) (characterizing the use of the word "monkey" toward an African American as a "racist stereotype") (citing *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 185 (4th Cir. 2001); *Green v. Franklin Nat. Bank of Minneapolis*, 459 F.3d 903, 911 (8th Cir. 2006)). Finally, the plaintiffs have alleged that this discrimination occurred in the performance of a contract, as Taft paid Kamen's for the drawing.

Thus, at this early stage of the litigation, where we must accept the factual allegations in the complaint as true, we conclude that the plaintiffs have stated a claim under § 1981 for racial discrimination in the performance of a contract. Accordingly, the defendant's motion to dismiss this claim will be denied.

7

## 2. Retaliation

Section 1981 also encompasses claims of retaliation for reporting discriminatory conduct. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 451-52 (2008). Such claims follow the same framework as Title VII retaliation claims and require a plaintiff to show that "(1) he engaged in protected activity, (2) that [the defendant] took an adverse [] action against him, and (3) there was a causal connection between his participation in the protected activity and the adverse [] action." *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 798 & n.14 (3d. Cir. 2010) (citing *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006)). Further, the plaintiff must plead "an underlying section 1981 violation." *Id.* (citing *CBOCS West, Inc.*, 553 U.S. at 451-52).

Here, the plaintiffs have alleged that Taft complained of racial discrimination to Kamen's management, and following his complaints, the plaintiffs were "evicted" from HersheyPark by Kamen's. Kamen's sole argument in support of dismissal of this claim is that it did not have the authority to "evict" the plaintiffs from the park. However, while this may ultimately be true, the question of whether a defendant has the authority to act is a question of fact that would require us to look beyond the

8

pleadings. *UPMC v. CBIZ, Inc.*, 436 F. Supp. 3d 822, 843 (W.D. Pa. 2020); *see also Gizzi v. Texas*, 437 F.2d 308, 310 (3d Cir. 1971). At the motion to dismiss stage, where we must accept the plaintiffs' allegations as true, we conclude that the plaintiffs have sufficiently alleged a claim for retaliation under § 1981 against Kamen's.

### 3. Interference with a Contractual Right

Section 1981 also imposes liability on a third party that intentionally interferes, "on the basis of race, with another's right to make and enforce contracts." *McClease v. R.R. Donnelley & Sons Co.*, 226 F. Supp. 2d 695, 699 (E.D. Pa. 2022) (citations omitted). A plaintiff raising such a claim of interference "must allege that he was actually denied the ability either to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of race-based animus." *Burns v. SeaWorld Parks & Entertainment, Inc.*, 675 F. Supp. 3d 532, 541 (E.D. Pa. 2023) (citations and quotations omitted).

Here, the plaintiffs have alleged the existence of a contract with HersheyPark by purchasing tickets for admission to the park. *See Burns*, 675 F. Supp. 3d at 539-40 (collecting cases); *see also Valle v. Stengel*, 176

F.2d 697, 703-04 (3d Cir. 1949). Additionally, as noted above, the plaintiffs have alleged that Kamen's "evicted" them from the park after they complained of racial discrimination. Thus, accepting these allegations as true, the plaintiffs have sufficiently alleged that the act of being removed from the park by Kamen's interfered with their right to "enjoy the fruits of a contractual relationship" arising out of their admission tickets to the park.

For its part, Kamen's merely argues that the plaintiff's claim does not arise under § 1981 and is rather "an attempt to disguise" a state law tortious interference claim as a civil rights claim. (Doc. 21 at 9). However, as discussed above, § 1981 encompasses claims for interference with contractual relationships, and we find that the plaintiffs have adequately pleaded such a claim at this stage.

### III. Conclusion

For the foregoing reasons, the defendant's motion to dismiss (Doc. 20) will be DENIED.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge
